UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WESTPORT INSURANCE CORP. | * | CIVIL ACTION |
| VERSUS | * | NO. 17-12536 |
| JUGE NAPOLITANO GUILBEAU RULI & FRIEMAN, ET AL. | * | SECTION "L" (4) |

## ORDER AND REASONS

Pending before the Court is Plaintiff's motion for summary judgment. Rec. Doc. 17. Defendants have not filed an opposition and the submission date has passed. After reviewing Plaintiff's brief and the applicable law, the Court now issues this Order and Reasons.

I. **BACKGROUND**

This matter arises out of an insurance coverage dispute. Plaintiff Westport Insurance Corporation ("Westport") issued a Lawyers Professional Liability Policy (the "Policy") to Juge, Napolitano, Guilbeau, Ruli & Frieman ("Juge Napolitano") with a period from January 1, 2017 to January 1, 2018. The Policy lists Lawrence Frieman and Bradley Naccari, both attorneys employed by Juge Napolitano, as additional insureds.

Alexander Ackel (who is not a party in this case) filed a separate lawsuit against Defendants Juge Napolitano, Mr. Frieman, and Mr. Naccari, as well as a number of other parties. Mr. Ackel asserted a claim against Juge Napolitano, Mr. Frieman, and Mr. Naccari for negligent notarization, alleging that Mr. Frieman and Mr. Naccari notarized Mr. Ackel's signature on multiple documents without witnessing him execute those documents.

Defendants Juge Napolitano, Mr. Frieman, and Mr. Naccari submitted Mr. Ackel's claim to Plaintiff Westport. After reviewing the claim, Westport determined that the allegations fell within Exclusion E of the Policy, which precludes coverage for claims where an insured, in his or

her role as a notary public notarizes a document without witnessing the signature being placed on the document. Specifically, Exclusion E provides:

> **IV. EXCLUSIONS**
>
> This POLICY shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from:
>
> * * *
>
> E. the certification or acknowledgment by any INSURED, in his or her capacity as a Notary Public, of a signature on a document which the INSURED did not witness being placed on the document or collect information required by law.

Given the plain language of the Policy, Westport filed this action seeking a judicial determination that Plaintiff does not owe any of the Defendants a duty of defense or indemnity. On February 8, 2018, Plaintiff filed this instant motion for summary judgment, asking the Court to enter a judicial determination that Westport's Policy excludes coverage for the claims asserted by Mr. Ackel against Defendants. The Court now addresses this motion.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the

record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

## III. DISCUSSION

Louisiana law applies the general rules of contract interpretation to construe insurance policies. *Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 (5th Cir. 1990). The parties' intent, as reflected by the words of the policy, determine the extent of coverage. *Reynolds v. Select Properties, Ltd.*, 634 So.2d 1180, 1183 (La. 1994). Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. *Id.* An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. *Id.* Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. *Ledbetter v. Concord Gen. Corp.*, 665 So.2d 1166, 1169 (La. 1996).

Here, Mr. Ackel's claims against Defendants Juge Napolitano, Mr. Frieman, and Mr. Naccari are unambiguously excluded by the Policy and its broad exclusion of certain claims against an insured acting in a role as a Notary Public. Mr. Ackel's lawsuit against Defendants alleges that Mr. Frieman and Mr. Naccari notarized Alexander Ackel's signature on three separate documents. Mr. Ackel asserts, however, that he did not sign any of these documents and Mr. Frieman and Mr. Naccari notarized his signature without witnessing him actually execute the referenced documents. Defendants do not dispute these facts: they have not filed an opposition to Plaintiff's motion for summary judgment and the submission date has passed. Thus, the Court finds that Mr. Ackel's claims against Defendants fall squarely into the Policy's exclusion for a lawyer's work as a notary public. The Policy states that it shall not apply to any claim "arising out of . . . the certification or acknowledgement by an INSURED, in his or her capacity as a Notary Public, of a signature on a document which the INSURED did not witness being placed on the document or collect information required by law." Accordingly, the Court concludes that Plaintiff Westport owes no defense or indemnity to Defendants for the claims asserted in Mr. Ackel's lawsuit.

## IV. CONCLUSION

Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (Rec. Doc. 17) is hereby **GRANTED**. The Clerk of the Court shall enter Judgment in Plaintiff's favor.

New Orleans, Louisiana, this 22nd day of March, 2018.

**ELDON E. FALLON**
United States District Judge